**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Dalia Chaudhri, | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.: |
| v. | : |
| | : |
| Jzanus, Ltd. | : |
| | : |
| Defendant. | : |
| | : |

**CLASS ACTION COMPLAINT**

Plaintiff Dalia Chaudhri, by and through her undersigned counsel, pleading on her own

behalf and on behalf of all others similarly situated, states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff Dalia Chaudhri seeks redress for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.*, and New York General Business Law § 349 by the

Defendant and its agents in its illegal efforts to collect a consumer debt.

2.      This action arises out of the Defendant's violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, against the Plaintiff and class members.

Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising out of

violations of the FDCPA.

3.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all

other claims in this action, as all such claims arise out of the same case or controversy that is

described herein.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District as the Defendant

transacts business in this District, and a substantial part of the events giving rise to this claim

occurred in this District.

1

## PARTIES

5.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6.      The Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant Jzanus, Ltd. ("Jzanus") is a domestic corporation with a principal executive office at 170 Jericho Turnpike, Floral Park, NY 11001.

8.      Defendant Jzanus is operating as a debt collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

9.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.     The Plaintiff allegedly incurred a financial obligation in connection with hospital services performed by Winthrop University Hospital (hereinafter "Creditor").  The Defendant alleges that the Plaintiff owes the Creditor $1,825.23 (the "Debt").

11.     Under the FDCPA, the term "debt" refers to "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  The Plaintiff's alleged obligation meets the definition of a "debt" under the FDCPA.

12.     The Debt was purchased, assigned, or transferred to the Defendant for collection, or the Defendant was employed by the Creditor to collect the Debt.

13.     The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**Defendant Failed to Verify the Debt as Promised**

14.     On or about February 21, 2014, the Defendant mailed the Plaintiff a letter which stated, in part, "if you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification . . ." (*See* Ex. A).

15.     On or about March 5, 2014, the Plaintiff mailed the Defendant a letter indicating that she disputes the Debt.  In her letter, the Plaintiff asked for records pertaining to the Debt.

16.     As of the filing date of this Complaint, the Defendant has not mailed the Plaintiff a copy of any judgment or verification as promised in its letter.

17.     As of the filing date of this Complaint, the Defendant has not responded to the Plaintiff's written dispute.

**Misleading Identification on Envelope**

18.     On or about March 3, 2014, the Plaintiff received the aforementioned letter (dated February 21) from the Defendant.  This letter was enclosed in an envelope containing two (2) windows through which the sender's and recipient's names and addresses were visible.  (*See* Ex. B).

19.     The sender's envelope information was as follows:

> JZANUS LTD.
> INPATIENT DEPARTMENT
> 170 JERICHO TURNPIKE
> FLORAL PARK, NY 11001-2024
> 516-394-8261  - Fax 516-326-0998

(*Id.*).

20.     The term "INPATIENT DEPARTMENT" is a false, misleading, and deceptive statement.

3

21.     Upon information and belief, the term "INPATIENT DEPARTMENT" is used to provide consumers with the appearance that the letter is from a hospital.  Upon information and belief, "INPATIENT DEPARTMENT" does not correspond with an actual department within Defendant Jzanus.

22.     The term "INPATIENT DEPARTMENT" constitutes improper language that is used to confuse, mislead, intimidate, and harass the consumer.

23.     The Defendant's use of  the term "INPATIENT DEPARTMENT" constitutes a violation of each of the following FDCPA provisions: 15 U.S.C. §§ 1692f, 1692f(8), 1692e, and 1692e(10).

**Class Action Allegations**

24.     The Plaintiff brings this action on behalf of herself and members of a similarly situated class.

25.     The Plaintiff proposes a class to be defined as follows:

        a.  **Class A: all consumers**

                i.  **who received an envelope from the Defendant (within one year preceding the filing of this action)**

                ii.  **at any address in the State of New York; and**

                iii.  **where "INPATIENT DEPARTMENT" was visible on the envelope.**

26.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class is appropriate and preferable because of the factors stated below.

        a.  The Defendant's violations stem from routine mailings and general correspondence. Thus, the proposed class is so numerous that joinder of all members is impractical.

b.  There are questions of law and fact common to the class and these questions
    predominate over any questions affecting individual claims.

c.  Identification of the consumers, described more fully in the class definitions, *supra*,
    is a matter that can best be determined from the Defendant's records.

d.  The precise number of consumers in each class is unknown at this time and can
    only be discerned through discovery.  However, upon information and belief, the
    Defendant is hired by creditors to collect on alleged debts of hundreds or thousands
    consumers. Therefore, the members of the class are believed to be so numerous that
    joinder of all members is impractical.

e.  The claims of the Plaintiff are typical of those of the class members.  The class
    claims are all based on the same facts and legal theories.

f.  The Plaintiff will fairly and adequately represent the class members' interests.  The
    Plaintiff has retained counsel experienced in bringing class actions and collection
    abuse claims.  The Plaintiff's interests are consistent with those of the members of
    the class.

g.  A class action is superior for the fair and efficient adjudication of the class
    members' claims.

h.  Absent a class action, most members of the class would find the cost, time, and
    ability of engaging in protracted litigation prohibitive.

i.  The class treatment of common questions of law and fact is superior to multiple
    individual actions or piecemeal litigation in that it conserves the resources of the
    court and the litigants and promotes consistency and efficiency of adjudication.

j.  Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant and other debt collectors.

k.  Proceeding by way of a class action is the most economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the class.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>
<u>**15 U.S.C. § 1692, et seq.**</u>

27.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.  The Defendant's conduct violated 15 U.S.C. § 1692d in that the Defendant engaged in conduct the natural consequence of which was to harass, oppress, and abuse the Plaintiff.

29.  The Defendant's conduct violated 15 U.S.C. § 1692e in that the Defendant used a false, deceptive, and misleading representation and means in connection with the collection of a debt.

30.  The Defendant's conduct violated 15 U.S.C. §§ 1692e, 1692f, and 1692g in that the Defendant failed to provide the Plaintiff with verification as promised by its own letter.

31.  The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that the Defendant deprived the Plaintiff of her right to dispute the Debt.

32.  The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that the Defendant used a false, deceptive, and misleading means to collect a debt.

33.  The Defendant's conduct violated 15 U.S.C. §§ 1692f and 1692f(8) in that the language on the Defendant's envelope constituted an unfair and unconscionable means to collect the Debt.

34.    The foregoing acts and omissions of the Defendant constitute numerous violations of the FDCPA, including but not limited to every one of the above-cited provisions.

35.    The Plaintiff and class members are entitled to damages as a result of Defendant's violations.

**COUNT II**
**DEFENDANT'S VIOLATIONS OF**
**NEW YORK GENERAL BUSINESS LAW §349**

36.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.    New York General Business Law § 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

38.    By acting as a debt collector, Defendant conducts "business' or provides a "service" within the meaning of New York General Business Law § 349(a).

39.    The Defendant engaged in deceptive acts and practices by virtue of the acts and practices described in paragraphs ¶¶ 15-23, *supra*.  The aforementioned acts and practices by the Defendant 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

40.    By reason of the conduct alleged above, the Defendant engaged in deceptive conduct in violation of New York General Business Law § 349.

41.    The Plaintiff is entitled to damages pursuant to New York General Business Law § 349(h).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.  Awarding the Plaintiff and class members statutory damages pursuant to 15 U.S.C. §

    1692k;

2.  Awarding the Plaintiff statutory damages pursuant to New York General Business Law

    § 349 against the Defendant;

3.  Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15

    U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. L. § 349(h); and

4.  Granting such other and further relief that the Court may deem just and proper.

Dated: April 7, 2014

Respectfully submitted,

By: /s/ Hashim Rahman
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457